# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:24CR351** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | **OPINION AND ORDER** |
| | ) | |
| **HAROON GAINES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #30) of Defendant Haroon Gaines for Reconsideration of the Court's Order denying Defendant's Motion to Suppress without a hearing.  Because the Government agreed that some factual clarification would be useful to make a fair record, the Court granted Defendant's request and set an evidentiary hearing for June 23, 2025.  Upon reconsideration, following review of the parties' briefs and an oral hearing with testimony and argument, the Court adheres to its prior decision. Defendant's Motion to Suppress is denied.

## I. BACKGROUND

On June 6, 2025, the Court denied without evidentiary hearing the Motion (ECF DKT #26) of Defendant Haroon Gaines to Suppress Based on an Unlawful Search and Seizure. Defendant moved to suppress a firearm discovered in a vehicle associated with the key fob found on his person and argued the law enforcement search was without probable cause in violation of the Fourth Amendment.

In sum, the Court found that there are two ways by which law enforcement conduct constitutes a search under the Fourth Amendment. The first is when a person "can claim a justifiable, a reasonable, or a legitimate expectation of privacy that has been invaded by government action." *Smith v. Maryland*, 442 U.S. 735, 740 (1979). The second is "where the government unlawfully, physically occupies private property for the purpose of obtaining information." *United States v. Jones*, 565 U.S. 400, 404-05 (2012). "[F]or most of our history the Fourth Amendment was understood to embody a particular concern for government trespass upon the areas ("persons, houses, papers and effects") it enumerates." *Jones*, 565 U.S. at 406.

In his Motion, Defendant specifically disavowed the reasonable-expectation-of-privacy analysis of the alleged search and suggested that the Court need not address it. (ECF DKT #26 at 3). So, the Court only considered if there were a physical occupation or trespass upon Defendant's property and if the trespass was reasonable.

Defendant based his Motion on the fact that the Independence Police (IPD) officers manipulated the lock/unlock or alarm button on the key fob discovered in Defendant's pockets when he was searched incident to arrest. The Government's Opposition to the contrary, related that Officer Waidley discovered through visual inspection of the hotel public parking lot, a Honda vehicle which matched the Honda key seized from Defendant.

The Court concluded that there was no search in violation of the Fourth Amendment. Defendant Haroon Gaines was found barely conscious in a hotel hallway with methamphetamine and crack cocaine on his person, after reportedly pounding on hotel room doors on the third floor. The Honda key was discovered in Defendant's pocket through a lawful search incident to arrest. Defendant was uncooperative and intoxicated. Because his answers were unintelligible,

-2-

Defendant remained unidentified even when he was placed under arrest and put into the police cruiser.

If the key were his, the IPD officers would have had reason to believe that more drugs might be found in the vehicle.  If the key were not his, the IPD officers would be justified in using it to determine the rightful owner of the vehicle matching the key.  Officer Waidley used the key to locate a Honda vehicle in the public parking lot of the La Quinta Inn.  Officer Waidley did not enter the vehicle, but observed a rifle, spent shell casings and .22 caliber bullets through the window.  The registered owner appeared to be a female, unlike the male in custody; and the amount of illicit drugs found on Defendant and the observation of a weapon and ammunition inside the car combined to create a reasonable suspicion justifying the officers' further investigation into a possible drug-related crime.  The IPD officers did not conduct a search of the Honda vehicle on site; but secured it in order to obtain a warrant.

On June 11, 2025, Defendant moved for reconsideration of the Court's denial of the Motion to Suppress without a hearing.  Defendant argues that the Court's Order was based upon a "clear error of law."  (Quotes in Defendant's original).  Defendant argues that the Supreme Court acknowledges the "longstanding **protection for privacy expectations** inherent in items of property that people possess or control."  (Emphasis added).  *Jones*, 565 U.S. at 413.  By the same token, Defendant insists that a physical intrusion (like inserting a key in the car door lock) "regardless of how slight, constitutes common law trespass."  *Taylor v. City of Saginaw*, 922 F.3d 328 (6th Cir. 2019).  Also, the use of electronic signals, emitted from the key fob, in order to gain information can be a Fourth Amendment violation the same as trespass is.  *See Kyllo v. United States*, 533 U.S. 27 (2001).  Defendant asserts that whether the key was physically

inserted or the key fob transmissions were manipulated is a dispute of fact in this case.  Finally, Defendant disputes the Court's finding that there could be no trespass (and no illegal search) since he was not the owner of the chattel, *i.e*., the Honda vehicle.  Defendant relies upon *Byrd v. United States*, 584 U.S. 395 (2018) for the proposition that his possession of the key granted him a Fourth Amendment privacy interest in the car even though it was not his property or chattel.

The Government submitted its Response Brief on June 11, 2025, and noted that Defendant obtained Officer Waidley's report in discovery.  The report sets out that Officer Waidley located a Honda in the parking lot; observed the stock of a rifle in the back seat and spent shell casings and bullets on the driver floor board; inserted the Honda key in the driver's side; and unlocked the door.  Nonetheless, to settle the alleged dispute over the timing and manner of the car's identification, the Government requests a hearing to clarify the record.

## II. LAW AND ANALYSIS

### Motion for Reconsideration

Motions for reconsideration "serve a limited purpose and should be granted for one of three reasons:  (1) because of an intervening change in controlling law; (2) because evidence not previously available has become available; or (3) because it is necessary to correct a clear error of law or preventing manifest injustice."  *Boler Co. v. Watson & Chalin Mfg. Inc*., 372 F.Supp.2d 1013, 1024-25 (N.D.Ohio 2004), quoting *General Truck Drivers, Local No. 957 v. Dayton Newspapers, Inc*., 190 F.3d 434, 445 (6th Cir. 1999) (Clay, J. dissenting), *cert. denied*, 528 U.S. 1137 (2000).

In the instant matter, the Court holds that there is no clear error of law nor any manifest injustice which needs to be cured.

-4-

At page 3 of his Motion to Suppress, Defendant states:  "Here the Court "need not address" if Mr. Gaines had a "reasonable expectation of privacy" but rather if a trespass occurred and if so if the trespass was reasonable within the meaning of the Fourth Amendment.  *Jones*, 565 U.S. at 400."  Yet, in his Motion for Reconsideration, Defendant repeatedly relies upon the reasonable-expectation-of-privacy analysis of Fourth Amendment search and seizure to support what he calls the "clear error of law" in the Court's reasoning.

"[A] defendant forfeits an argument by, for instance, failing to make it before the district court, failing to make it in its opening appellate brief, or identifying it without pressing it." *United States v. White*, 920 F.3d 1109, 1122–23 n.4 (6th Cir. 2019) (Clay, J., concurring in part) *cert. denied*, ––– U.S. –––, 140 S. Ct. 2667, 206 L.Ed.2d 822 (2020).

Despite Defendant's forfeiture of the reasonable-expectation-of-privacy argument, the Court agreed to reopen consideration of the Motion to Suppress and to conduct an evidentiary hearing on June 23, 2025.

Defendant's own Motion to Suppress briefing acknowledges that the car is registered to one Kristine M. Suhm; and the testimony of Officer Waidley confirmed that Ms. Suhm is the registered owner of the Honda vehicle he located in the La Quinta parking lot on January 13, 2023.  Based upon that undisputed fact, the Court initially found that the IPD officers could not have trespassed upon Defendant's property to obtain information in violation of the Fourth Amendment.  On reconsideration, Defendant quotes the Supreme Court in *Byrd*, 584 U.S. at 407: "[T]he Court sees no reason why the expectation of privacy that comes from lawful possession and control . . . would differ depending on whether the car in question is rented or privately owned by someone other than the person in current possession of it . . . both would have the

expectation of privacy."

The Court is compelled to point out that the *Byrd* opinion discusses the Fourth Amendment protections arising out of an "expectation of privacy," which Defendant specifically disavowed here.  Byrd was the occupant and operator of a rental vehicle, but he was not listed as an authorized driver.  The Supreme Court remanded the case for further fact development; but determined that Byrd (despite the rental agreement) would have a privacy interest in the vehicle and could exclude others, for instance a carjacker.  The Court accepted Byrd's argument only so far, however.  Taken to its furthest extent, allowing possession of the key and the vehicle to be sufficient to protect against law enforcement "intrusion" could encompass the possibility that the person in possession is a car thief.

In the instant matter, the record shows that Defendant did not identify himself to the police nor identify his car nor explain that he may have borrowed the vehicle from Ms. Suhm.

Defendant further argues that even a slight physical intrusion, like inserting a key in the car door, constitutes common law trespass.  To repeat the law outlined in the Court's original Opinion and Order, common law trespass occurs when "one dispossesses another of or intentionally and harmfully interferes with **another's property**."  (Emphasis added).  Restatement (Second) of Torts §§ 217-18 (Am. L. Inst. 1965).  None of the evidence presented at the hearing establishes that the Honda is Defendant's property.

Defendant points to *Jones* and *Taylor* to support his position; but these decisions are distinguishable.

In *Jones*, the Supreme Court held that the Government's attachment of a GPS device to a vehicle and its use of that device to monitor the vehicle's movements over time, constituted a

search under the Fourth Amendment.  The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  The Government's physical intrusion on an "effect" for the purpose of obtaining information constitutes a "search."  Unlike the fact pattern in *Jones*, Officer Waidley inserted the car key only to learn the identity of the matching vehicle.  As the Eighth Circuit determined in reliance on *Jones*, a defendant has little or no expectation of privacy in the identity of his car. *United States v. Cowan*, 674 F.3d 947, 955-57 (8th Cir. 2012).

In *Taylor*, the City of Saginaw chalked the tires of cars in a parking lot.  "[T]he City commences its search on vehicles that are parked legally, without probable cause or even so much as "individualized suspicion of wrongdoing"—the touchstone of the reasonableness standard.  *See Relford v. Lexington-Fayette Urban Cty. Gov't*, 390 F.3d 452, 458 (6th Cir. 2004) ("[A] search ordinarily must be based on individualized suspicion of wrongdoing.").  *Taylor*, 922 F.3d at 334.  The only purpose of chalking is to raise revenue for the City.  Unlike in *Taylor*, Gaines was searched incident to lawful arrest.  IPD officers found, along with a Honda car key, a quantity and weight of drugs packaged in baggies indicative of trafficking and not personal use.  When a Honda vehicle was discovered in the hotel parking lot, Officer Waidley looked through the window and saw a rifle, spent shell casings and live .22 caliber rounds.  Even assuming that inserting the key constituted a search, it was reasonable based on a specific suspicion of wrongdoing.

The Court found a useful discussion of reasonableness in the Pennsylvania case of *United States v, Burgess*, 425 F.Supp.3d 413, 419-20 (E.D.Pa. 2019), which considered a search with the use of electronic transmissions from an automobile key fob.

The touchstone of the Fourth Amendment is reasonableness, so [courts] determine the constitutionality of a search 'by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests.' *United States v. Henley*, 941 F.3d 646, 650 (3d Cir. 2019) (quoting *United States v. Knights*, 534 U.S. 112, 118-19, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001)). Reasonableness 'is measured in objective terms by examining the totality of the circumstances.' *Ohio v. Robinette*, 519 U.S. 33, 39, 117 S.Ct. 417, 136 L.Ed.2d 347 (1996).

### III. CONCLUSION

The evidence shows that the IPD officers obtained a Honda key from a search incident to the arrest of Defendant Haroon Gaines. The Court asked Officer Waidley on the witness stand to set out the timeline from there: Officer Waidley located the Honda vehicle on the northeast side of the La Quinta Hotel parking lot. (It was the only Honda there). From outside the vehicle, Officer Waidley could see through the window the stock of an AR-style rifle and spent shell casings. Then and only then, did Officer Waidley insert the key which unlocked the driver's side door. Officer Waidley knew, from his experience and training, that Defendant was found in possession of an amount of cocaine and meth which exceeded the amount for personal use. In addition, he knows that guns are often connected with drug trafficking. Therefore, proper procedure called for securing the vehicle; and Officer Waidley awaited the issuance of a search warrant.

Evidence in the record indisputably shows that Kristine M. Suhm is the rightful registered owner of the Honda vehicle matching the key which was seized. There is nothing in the evidence, nor anything Defendant presented to show that Defendant had a lawful possessory interest which would entitle him to a reasonable expectation of privacy nor to claim trespass on

**his** chattel/property.

Therefore, upon reconsideration, a thoughtful review of the parties' briefs and an oral hearing with testimony and argument, the Court adheres to its prior decision.  Defendant's Motion to Suppress is denied.

**IT IS SO ORDERED.**

**DATE: June 24, 2025**

  **s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**